IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. COZART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-1200-MHT |
| | ) |
| LEE COUNTY DETENTION FACILITY, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This case is presently pending before the court on a complaint filed by Thomas J. Cozart ["Cozart"], an inmate incarcerated in the Lee County Detention Facility, on December 16, 2005. A thorough review of this complaint indicates that Cozart fails to properly name and identify defendants responsible for the alleged violations of his constitutional rights. Although Cozart lists "Scroggins" as a defendant, the complaint does not make any claims against this defendant. Moreover, the complaint merely contains general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendant or other jail officials with respect to any violations of the plaintiff's constitutional rights. "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256

F.3d 1282, 1284 (11th Cir. 2001). "[D]istrict Courts confronted by such complaints have the inherent authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)." *Magluta*, 256 F.3d at 1284 n.3. Under these circumstances, a "district court should enter an order striking the deficient complaint and requir[ing] a repleading of all claims in a complaint that respects the requirements of Rule 8 and the heightened pleading requirement for [such] cases." *Id.* at 1285. In light of the foregoing, the court deems it appropriate to require the plaintiff to replead the claims presented in the instant cause of action. Accordingly, it is

ORDERED that the complaint filed by the plaintiff on December 16, 2005 be and is hereby STRICKEN from the file in this case. It is further

ORDERED that on or before January 23, 2006 the plaintiff shall file a complaint which:

1. Presents specific claims relative to **actions taken against him** by properly identified defendants and lists these claims in separate counts.

2. Asserts with clarity those factual allegations that are material to each specific count against the named defendant(s).

3. Describes how each named defendant violated **his** constitutional rights.

4. States the precise relief he seeks from this court.

**The plaintiff is hereby advised that this case will proceed only on those claims presented and against the defendants named and the claims presented in the complaint filed in response to this order**. The aforementioned complaint must set forth short and plain statements showing why the plaintiff is entitled to relief and should contain only claims relative to actions taken against the plaintiff. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*.

Done, this 9th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE